PERKINS COIE LLP
JAMES G. SNELL (SBN 173070)
JSnell@perkinscoie.com
JULIE E. SCHWARTZ (SBN 260624)
JSchwartz@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:    650.838.4300
Facsimile:     650.838.4595

Attorneys for Plaintiff
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Uber Technologies, Inc., <br><br>              Plaintiff, <br><br>    v. <br><br> John Doe I, an individual, <br><br>              Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §1030,** *et seq.***; AND** <br> **(2) VIOLATION OF CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, CALIFORNIA PENAL CODE § 502** <br><br> **[DEMAND FOR JURY TRIAL]** |

COMPLAINT AND DEMAND FOR JURY TRIAL

For its complaint, plaintiff Uber Technologies, Inc. ("Uber") alleges as follows:

## I. PARTIES

1. Plaintiff Uber is a Delaware corporation with its principal place of business in San Francisco, California.

2. Defendant John Doe I is an individual of unknown residence and citizenship. Uber does not know John Doe I's identity or location at this time. Uber will amend its complaint to name John Doe I when his or her identity is learned.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). Depending on the residence of defendants, venue may be proper under 28 U.S.C. § 1391(b)(1) or (3) as well.

## III. FACTS AND BACKGROUND

5. Uber is a technology company that has developed a smartphone application that connects drivers and riders in cities all over the world. Uber publicly launched in June 2010, and is available in over 200 cities. Over 100,000 drivers use Uber's smartphone app to receive requests for transportation services.

6. Uber maintains internal database files with confidential details on the drivers who use its application.

7. The contents of these internal database files are closely guarded by Uber. Accessing them from Uber's protected computers requires a unique security key that is not intended to be available to anyone other than certain Uber employees, and no one outside of Uber is authorized to access the files.

8. On or around May 12, 2014, from an IP address not associated with an Uber employee and otherwise unknown to Uber, John Doe I used the unique security key to download Uber database files containing confidential and proprietary information from Uber's protected computers.

## IV. COUNT ONE
### (COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030)

9. Plaintiff Uber realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-8 above.

10. Uber's proprietary database is stored on Uber protected computers, which are connected to the internet and used in interstate commerce.

11. John Doe I intentionally accessed Uber's protected computers without authorization by accessing and downloading Uber's proprietary database files.

12. John Doe I's access and download of Uber's database from Uber's computers has harmed Uber in that, among other things, Uber has expended resources to investigate the unauthorized access and to prevent such access from occurring. The loss to Uber as a result exceeds $5,000.

## V. COUNT TWO
### (CALIFORNIA PENAL CODE § 502)

13. Plaintiff Uber realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-12 above.

14. Uber's proprietary database is stored on Uber's protected computers.

15. John Doe I knowingly accessed and without permission used Uber's computers in order to wrongfully obtain Uber's proprietary database files.

16. John Doe I knowingly accessed and without permission took and copied Uber's proprietary database files from Uber's computers.

17. John Doe I's access and download of Uber's database from Uber's computers has harmed Uber in an amount to be proven at trial.

## VI. JURY DEMAND

18. Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a trial by jury as to all issues so triable in this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, plaintiff Uber prays for the following relief:

A.   For injunctive relief, as follows:  An order barring defendant from any further acts constituting violations of the Computer Fraud and Abuse Act and Section 502 of the California Penal Code, including any attempts to access files from Uber's database or any attempts to transfer such files to any other person or entity, and directing defendants immediately to return to Uber any files or information described herein;

B.   For judgment in favor of plaintiff, and against defendant, for damages in such amounts as may be proven at trial;

C.   For reasonable attorneys' fees; and

D.   For such other relief as the Court may deem just and proper.

DATED:  February 27, 2015                **PERKINS COIE LLP**

By: */s/ James G. Snell*
    James G. Snell

Attorneys for Plaintiff
Uber Technologies, Inc.

-3-   COMPLAINT AND DEMAND FOR JURY TRIAL