1  PERKINS COIE LLP
   JAMES G. SNELL (SBN 173070)
2  JSnell@perkinscoie.com
   JULIE E. SCHWARTZ (SBN 260624)
3  JSchwartz@perkinscoie.com
   3150 Porter Drive
4  Palo Alto, CA  94304
   Telephone:    650.838.4300
5  Facsimile:    650.838.4595

6  Attorneys for Plaintiff
   Uber Technologies, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | Uber Technologies, Inc.,              | Case No. 3:15-cv-00908
13 |              Plaintiff,                | **PLAINTIFF UBER TECHNOLOGIES,
                                              INC.'S *EX PARTE* MOTION FOR
14 |      v.                                | EXPEDITED DISCOVERY**
15 | John Doe I, an individual,             | **[N.D. Civ. L.R. 7-10]**
16 |              Defendant.                |

## I.   INTRODUCTION

On or around May 12, 2014, Defendant John Doe I accessed Plaintiff Uber Technologies, Inc.'s ("Uber") protected computer system without authorization and downloaded a limited set of Uber's proprietary database files. Uber moves this Court for an order allowing it to take discovery from third party GitHub, Inc. ("GitHub") to obtain information that is reasonably likely to lead to the identity of John Doe I.[1] As set forth below, the Court should grant Uber's Motion because good cause exists for the proposed discovery.[2]

## II.   STATEMENT OF FACTS

Uber is a technology company that has developed a smartphone application that connects drivers and riders in cities all over the world. (Compl. ¶ 5.) Uber publicly launched in June 2010, and is available in over 200 cities. (*Id.*) Over 100,000 drivers use Uber's smartphone app to receive requests for transportation services. (*Id.*) Uber maintains internal database files with information about the drivers who use its application. (*Id.* ¶ 6.)

Uber closely guards the contents of these internal database files. (*Id.* ¶ 7.) Accessing them requires a unique security key that is not intended to be available to anyone other than certain Uber employees, and no one outside of Uber is authorized to access the files. (*Id.*)

On or around May 12, 2014, John Doe I used the unique security key to access and download Uber database files containing proprietary information from an Internet protocol ("IP") address not associated with an Uber employee and otherwise unknown to Uber. (*Id.* ¶ 9.) Uber has information that the person who downloaded the files accessed certain posts on the GitHub website. (Declaration of Alex Garbutt ("Garbutt Decl.") ¶ 3.) Uber has tried to identify the person who accessed and downloaded the information in question, but has been unable to do so. (*Id.* ¶ 4.)

---

[1] GitHub is located in San Francisco, California. *See* https://enterprise.github.com/contact (last accessed February 27, 2015).
[2] A copy of the proposed subpoena is attached as Exhibit A to the Declaration of James G. Snell, submitted concurrently.

**III. GOOD CAUSE EXISTS TO ORDER EXPEDITED DISCOVERY**

A court may authorize discovery to be taken before the parties' Rule 26(f) conference for "good cause" shown – i.e., the need for discovery outweighs the prejudice to the party from whom discovery is sought. Fed. R. Civ. P. 26(d)(1); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Courts routinely grant *ex parte* motions for expedited discovery relating to the identities of doe defendants. *See, e.g., G.N. Iheaku & Co. Ltd. v. Does 1-3,* No. C 14-02069 LB, 2014 WL 2759075 (N.D. Cal. June 17, 2014) (granting *ex parte* application to serve Rule 45 subpoenas in order to identify doe defendants); *Braun v. Primary Distrib. Doe No. 1*, No. 12-5812 MEJ, 2012 WL 6087179 (N.D. Cal. Dec. 6, 2012) (same); *Millennium TGA, Inc. v. Does 1-21*, No. 11-2258 SC, 2011 WL 2976883 (N.D. Cal. July 22, 2011) (same).

To determine whether "good cause" exists in this context, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Skout, Inc v. Jen Processing, Ltd*, No. 14-CV-02341-JSC, 2015 WL 224930, at *2 (N.D. Cal. Jan. 15, 2015) (citing *OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011)). Discovery should be granted here because Uber satisfies each of these criteria, and the need for discovery outweighs any prejudice.

**A. Uber Has Sufficiently Identified John Doe I.**

Under the first factor, a court must consider "whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Id.* (citing *Pac. Century Int'l, Ltd. v. Does 1–48*, No. 11–3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011)). To be susceptible to specific personal jurisdiction in this Court, "(1) the non-resident defendant must purposefully direct his activities into the forum or purposefully avail himself of the privilege of conducting

1  activities in the forum; (2) the claim must arise out of or relate to forum related activities; and (3)
2  the exercise of jurisdiction must comport with fair play and substantial justice." *Id.* (citing
3  *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004)).

4        Even if John Doe I is located outside California, this Court still would have personal
5  jurisdiction because the Complaint alleges that an individual -- John Doe I -- used a unique
6  security key to access and download Uber's information. (Compl. ¶ 8.) John Doe I intentionally
7  targeted Uber, which resides in California, by accessing its computers and illegally downloading
8  its files. (*Id.* ¶¶ 1, 8.) By doing this, John Doe I caused foreseeable harm in California (*id.* ¶¶ 9-
9  17) and subjected himself to this Court's jurisdiction. *See Yahoo! Inc. v. La Ligue Contre Le*
10 *Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206-07 (9th Cir. 2006).

11       **B.    Uber Has Made a Good Faith Effort to Locate John Doe I.**

12       The second factor requires a party to identify the previous steps taken to locate the elusive
13 defendant. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999). "This
14 element is aimed at ensuring that plaintiffs make a good faith effort to comply with the
15 requirements of service of process and specifically identifying defendants." *Id.* Uber satisfies
16 this requirement because it has attempted, but has been unable, to identify John Doe I. (Garbutt
17 Decl. ¶¶ 4-5.) Specifically, Uber reviewed the IP addresses that accessed the database and
18 isolated one unrecognized IP address, but could not determine from that IP address who accessed
19 the database. (*Id.* ¶¶ 2.) Uber is informed and believes that the person who downloaded the files
20 accessed certain posts on the GitHub website. (*Id.* ¶ 3.) Uber also has been unable to obtain the
21 information it needs from GitHub informally. (*Id.* ¶ 4.) Thus, Uber presently has no way of
22 obtaining information from GitHub to identify John Doe I short of seeking and obtaining this
23 discovery. (*Id.* ¶ 5.)

24       **C.    Uber's Complaint Could Withstand a Motion to Dismiss.**

25       **CFAA Claim.** The CFAA imposes liability on whoever "intentionally accesses a
26 computer without authorization or exceeds authorized access, and thereby obtains…information
27 from any protected computer." 18 U.S.C. § 1030(a)(2)(C). Uber alleges that it protects its
28 database, that John Doe I intentionally accessed that database without authorization on a date

-3-    *EX PARTE* MOTION FOR
          EXPEDITED DISCOVERY
          Case No. 3:15-cv-00908

1   certain, and that it suffered over $5,000 in damages.  (Compl. ¶¶ 6-12.)  These allegations are
2   sufficient to withstand a motion to dismiss Uber's CFAA claim.
3          **Section 502 Claim.**  Section 502 imposes liability on a person who "knowingly accesses
4   and without permission" uses data or a computer to wrongfully obtain data, "takes, copies, or
5   makes use of any data from a computer, computer system, or computer network, or takes or
6   copies any supporting documentation, whether existing or residing internal or external to a
7   computer, computer system, or computer network," and/or "accesses or causes to be accessed any
8   computer, computer system, or computer network."  Cal. Penal Code § 502(c)(1)-(2), (7).  Uber
9   alleges that John Doe I wrongfully accessed its protected computers and copied its proprietary
10  database, causing damage.  (Compl. ¶¶ 6-8, 13-17.)  These allegations are sufficient to withstand
11  a motion to dismiss Uber's Section 502 claim as well.

12         **D.     There is a Reasonable Likelihood the Proposed Discovery Will Uncover the
                    Identity of John Doe I.**
13

14         The final factor concerns whether there is a reasonable likelihood the proposed discovery
15  sought will uncover the identities of the doe defendants.  *Columbia*, 185 F.R.D. at 579 (citation
16  omitted).  The subpoena to GitHub should yield data reflecting access to Uber posts that Uber is
17  informed and believes John Doe I accessed.  This data is likely to allow Uber to identify John
18  Doe I.

19         **E.     There is No Prejudice to GitHub From the Proposed Discovery.**
20         The proposed discovery will not prejudice GitHub, the responding party.  *Semitool*, 208
21  F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in
22  consideration of the administration of justice, outweighs the prejudice to the responding party").
23  First, GitHub is an established provider who routinely deals with discovery requests.  GitHub
24  would suffer little burden from producing data regarding access to the web pages in question.
25  Accordingly, Uber's need for discovery to identify John Doe I outweighs any prejudice to
26  GitHub, and its Motion should be granted.
27  //
28  //

## IV. CONCLUSION

For the foregoing reasons, Uber requests that the Court grant its Motion.

DATED: February 27, 2015      **PERKINS COIE LLP**

By: */s/ James G. Snell*
   James G. Snell

Attorneys for Plaintiff
Uber Technologies, Inc.