PERKINS COIE LLP
JAMES G. SNELL (SBN 173070)
JSnell@perkinscoie.com
JULIE E. SCHWARTZ (SBN 260624)
JSchwartz@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:   650.838.4300
Facsimile:   650.838.4595

Attorneys for Plaintiff
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Uber Technologies, Inc., <br><br>         Plaintiff, <br><br>    v. <br><br> John Doe I, an individual, <br><br>         Defendant. | Case No. 3:15-cv-00908 LB <br><br> **DECLARATION OF JAMES G. SNELL IN SUPPORT OF PLAINTIFF UBER TECHNOLOGIES, INC.'S SECOND *EX PARTE* MOTION FOR EXPEDITED DISCOVERY** <br><br> **[N.D. Civ. L.R. 7-10]** |

I, James G. Snell, declare as follows:

1. I am a partner with the law firm of Perkins Coie LLP in Palo Alto, California, and one of the attorneys representing Plaintiff Uber Technologies, Inc. ("Uber") in the above-entitled action. I have personal knowledge of the facts set forth in this declaration and am competent to testify.

2. Attached as Exhibit A is a true and correct copy of the subpoena that Uber proposes to serve upon Comcast Business Communications, LLC ("Comcast").

3. GitHub produced information responsive to the subpoena that Uber issued to GitHub in connection with the Court's order granting Uber's first motion for expedited discovery by producing information to Uber.

4. From GitHub's response, Uber has identified an Internet Protocol ("IP") address that may belong to John Doe I. According to a WHOIS IP address lookup, this IP address is registered to Comcast.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 8th day of April 2015 at Palo Alto, California.

*/s/ James G. Snell*
James G. Snell

-1-

SNELL DECLARATION ISO UBER'S SECOND *EX PARTE* MOTION FOR EXPEDITED DISCOVERY
Case No. 3:15-cv-00908 LB

# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Uber Technologies, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:15-cv-00908-LB |
| | ) | |
| John Doe I | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Comcast Business Communications, LLC

*(Name of person to whom this subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131 | Date and Time: | TBD |
|---|---|---|---|

The deposition will be recorded by this method:  Stenographic and videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
Uber Technologies, Inc.                                     , who issues or requests this subpoena, are:
James G. Snell (SBN 173070), Perkins Coie LLP, 3150 Porter Drive, Palo Alto, CA 94304, JSnell@perkinscoie.com, 650.838.4300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### Subpoena to Comcast Business Communications, LLC

1. The name, address, telephone number, email address, Media Access Control addresses, and any other identifying information for each subscriber assigned the Internet Protocol address ▉▉▉▉▉▉▉ ("Subscribers") from March 11, 2014 until May 13, 2014.

2. Any logs or other information regarding Subscribers' access to the following IP addresses or domains between March 11, 2014 and May 13, 2014: (a) ▉▉▉▉▉▉▉; and (b) ▉▉▉▉▉▉▉.

3. Any logs or other information regarding Subscribers' access to the following IP addresses or domains on May 12, 2014 on or about 9:47 pm PDT: (a) ▉▉▉▉▉▉▉; and (b) ▉▉▉▉▉▉▉.

4. The name, address, telephone number, email address, Media Access Control address, and any other identifying information for any individual user or machine on Subscribers' networks that accessed https://gist.githubusercontent.com/hhlin/9556255/raw/2a4fae0e6d443b29826096fe043409e2c305bb79/insurance_fun.py, https://api.github.com/gists/9556255/, and/or https://gist.github.com/hhlin/9556255 on or about April 12, 2014.

5. The Subscribers' means and source of payment (including any credit card or bank account number).

<u>This subpoena does not request the contents of any communications</u>.

Please immediately preserve any potentially responsive records in your possession, custody, or control, including by suspending routine deletion procedures that might result in the deletion or overwriting of records that may be responsive to this subpoena.