BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Subscriber

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UBER TECHNOLOGIES, INC., | Case No. CR 15-cv-00908-LB |
| Plaintiff, | **SUBSCRIBER'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF SUBSCRIBER'S MOTION TO QUASH COMCAST SUBPOENA AND TO APPEAR AS "SUBSCRIBER" UNDER SEAL** |
| v. | |
| JOHN DOE I, | |
| Defendant. | |

I.      INTRODUCTION

        Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Subscriber respectfully submits this Motion for Administrative Relief to file portions of Subscriber's Motion to Quash Comcast Subpoena and to Appear as "Subscriber" (Dkt. No 24) under seal.  Subscriber seeks to redact two types of information: (1) Subscriber's IP address, and (2) a website and different IP address included within the Comcast Subpoena served by Uber.  Good cause exists to seal this select information because, with respect to Subscriber's IP address, it is private and confidential to Subscriber, and with respect to the website and unknown IP address included within the Comcast Subpoena, the Court has already ruled such information is sealable (Dkt. No. 20, p. 8) and Uber

1   claims that if such information is "publicly disclosed, [it] could undermine Uber's investigation into

2   the data theft at issue in this lawsuit."

3   **II.    LEGAL STANDARD**

4          A document or portions thereof may be filed under seal if "privileged, protectable as a trade

5   secret or otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  "[T]he usual

6   presumption of the public's right to access does not apply to non-dispositive motions with the same

7   strength it applies to dispositive motions.  On non-dispositive motions, such as this discovery motion,

8   a party seeking to file a document under seal must establish there is 'good cause' for sealing the

9   record."  *Lane v. Wells Fargo Bank, N.A.*, 2013 WL 2627487, at *1 (N.D. Cal. June 11, 2013) (citing

10  *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115, 1119 (9th Cir.2012));

11  *see also* Dkt. No. 20, p. 8.

12  **III.   GOOD CAUSE EXISTS TO SEAL THE REQUESTED INFORMATION**

13         Good cause exists to file Subscriber's IP address (Dkt. No. 24, pp. i:5, i:17, 1:3, and 2:6)

14  under seal because it is private and confidential to Subscriber.  Subscriber has a:

15         legitimate and valuable right to participate in online forums anonymously or
16         pseudonymously.  People are permitted to interact pseudonymously and anonymously
        with each other so long as those acts are not in violation of the law.  This ability to
17         speak one's mind without the burden of the other party knowing all the facts about
        one's identity can foster open communication and robust debate.  Furthermore, it
18         permits persons to obtain information relevant to a sensitive or intimate condition
        without fear of embarrassment.  People who have committed no wrong should be able
19         to participate online without fear that someone who wishes to harass or embarrass
        them . . .
20

21  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).  Subscriber has a right to

22  maintain Subscriber's anonymity on the internet, and publicizing Subscriber's IP address puts that

23  anonymity in jeopardy, possibly allowing persons to identify Subscriber.  Decl. L. Kollios ISO

24  Motion to Seal, ¶ 3.  Identifying Subscriber as a potential target of Uber's investigation may also

25  damage Subscriber's privacy interests and cause embarrassment.  The May 12, 2014 breach of Uber's

26  database was highly publicized, and associating Subscriber to that breach is improper here because

27  Uber has not made any showing that Subscriber is connected to that breach in any way.  Moreover,

28  sealing Subscriber's IP address "will in no significant way diminish the public's ability to 'keep a

watchful eye on the workings of' the court." Dkt. No. 20, p. 9 (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

Good cause exists to seal the website and unknown IP address included within the Comcast Subpoena (Dkt. No. 24, p. 8:22 and 8:24) because the Court has already ruled there is good cause to seal such information. Dkt. No. 20, p. 8. As the Court stated, it "accepts Uber's assertion that revealing the information in question could prompt Doe to elude detection, and thus thwart Uber's case at the outset, before the court can assess the merits of Uber's claims." *Id.*

In short, the select information should be sealed to protect Subscriber's right to "participate in online forums anonymously or pseudonymously," to prevent embarrassment, and to maintain the Court's holding with respect to the information ordered sealed in the Comcast Subpoena.

**IV.    CONCLUSION**

For the foregoing reasons, Subscriber requests that the Court grant its Administrative Motion to Seal.

Dated: May 29, 2015

BOERSCH SHAPIRO LLP

*/s/ Martha Boersch*
MARTHA BOERSCH
Attorney for Subscriber

MOTION TO FILE
UNDER SEAL
Case No. CR 15-cv-00908-LB