BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Subscriber

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UBER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE I, <br><br> Defendant. | Case No. CR 15-cv-00908-LB <br><br> **SUBSCRIBER'S NOTICE OF MOTION AND MOTION TO QUASH COMCAST SUBPOENA AND TO APPEAR AS "SUBSCRIBER"** <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** <br><br> Date: July 9, 2015 <br> Time: 9:30 am |

1 **NOTICE OF MOTION AND MOTION TO QUASH AND APPEAR AS "SUBSCRIBER"**

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that on July 9, 2015, at 9:30am, before the Honorable Magistrate Judge Laurel Beeler of the United States District Court for the Northern District of California, Subscriber assigned to IP address ▮▮▮▮▮▮▮▮ ("Subscriber") will and hereby does move the Court, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, to quash the subpoena served by Uber Technologies, Inc., on Comcast Communications LLC, and to appear in this matter as "Subscriber."  The grounds for this motion, as set forth in more detail below, are that Uber does not meet this Circuit's rigorous "good cause" standard for early discovery, the subpoena is overbroad under Rule 45, and disclosing Subscriber's identity will result in harassment and would moot the relief Subscriber seeks by this Motion to Quash.

**RELIEF REQUESTED**

Subscriber seeks the following relief:

1.  To quash the subpoena served by Uber Technologies, Inc. on Comcast Business Communications, LLC that seeks identifying information regarding Subscriber and the internet activity of person(s) or business(es) using the IP address assigned to Subscriber's account; and

2.  To allow Subscriber assigned to IP address ▮▮▮▮▮▮▮▮ ("Subscriber") to appear as "Subscriber" for purposes of this Motion to Quash.

//
//

//
//
//
//
//

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On May 1, 2015, Subscriber assigned to IP address ▮▮▮▮▮▮ ("Subscriber") received notice that Comcast would be producing personally identifying and other information pursuant to a subpoena served by Uber Technologies, Inc. ("Comcast Subpoena"). Uber claims it served the Comcast Subpoena in an effort to identify "John Doe 1," the person who allegedly "[o]n or around May 12, 2014, . . . , [] used the unique security key to download Uber database files containing confidential and proprietary information from Uber's protected computers." Dkt. No. 1, ¶ 8; Dkt. No. 16, p. 2.

Subscriber moves to quash the Comcast Subpoena because it does not meet this Circuit's rigorous "good cause" standard for early discovery and is overbroad under Federal Rule of Civil Procedure 45. In short, the Comcast Subpoena is improper because Uber has not made a showing that the subpoena will likely identify John Doe 1, as is required under controlling law. To the contrary, Uber admits that the IP address assigned to Subscriber did not access or download information from its driver database on May 12, 2014. Moreover, Uber fails to offer any facts connecting Subscriber's IP address to any offending conduct. Instead, Uber claims it is entitled to early discovery because Subscriber legitimately accessed a public posting on a software coding website at some unspecified time during a six month time period. This is not enough to warrant the invasive discovery.

Subscriber has "the legitimate and valuable right to participate in online forums anonymously or pseudonymously." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). Uber cannot impinge on this valuable right by seeking early discovery that will not likely reveal John Doe 1. The Comcast Subpoena is harassing and overbraod under such circumstances, and should be quashed.

**II.   STATEMENT OF ISSUES TO BE DECIDED**

Pursuant to Northern District of California Local Rule 7-4(a)(3), Subscriber submits the following list of issues to be decided by this Motion:

1. Whether Uber has met this Circuit's "good" cause standard for early discovery of Subscriber's personally identifying and other information sought by the Comcast Subpoena;

2. Whether the Comcast Subpoena is overbroad under Federal Rule of Civil Procedure 45; and

3. Whether Subscriber assigned to IP address ▮▮▮▮▮▮▮▮ ("Subscriber") may appear as "Subscriber" for purposes of this Motion to Quash.

## III. BACKGROUND

### A. Uber's Allegations

Uber's complaint is limited to one specific alleged wrongful event—that "[o]n or around May 12, 2014, from an IP address not associated with an Uber employee and otherwise unknown to Uber, John Doe 1 used the unique security key to download Uber database files containing confidential and proprietary information from Uber's computers." Dkt. 1, ¶ 8. Subsequent litigation and press reports reveal that the "unique security key" was available "on a publicly accessible GitHub page." Decl. L. Kollios ISO Mot. Quash ("Kollios Decl."), Ex. A; *Antman v. Uber Technologies, Inc., et al.*, Case No. 15-1175, Dkt. No. 7, ¶ 15 (N.D. Cal. March 16, 2015); *see also* https://github.com/features.

According to Uber's *ex parte* filings, it has identified the IP address that committed the offending conduct on May 12, 2014, but is unable to identify its owner. Dkt. No. 4-2, ¶ 2; Kollios Decl., Ex. B, March 12, 2015 Tr., 4:18-20. Uber has never explained the steps it took to identify the person(s) or business(es) associated with the IP address that committed the alleged May 12, 2014 access and download. Significantly, Uber does not claim that the IP address that committed the offending act is Subscriber's IP address. In fact, Uber concedes that it is not Subscriber's IP address, admitting that it is unable to identify the owner of the IP address that downloaded the driver information on May 12, 2014.

### B. Uber's Early Discovery of GitHub

Because Uber was unable to identify the person(s) or business(es) associated with the offending IP address, it has focused its early discovery requests on two GitHub posts. Dkt. Nos. 4 and 18. GitHub is a web-based hosting service for software code, advertising that it is the "best place

to share code with friends, co-workers, classmates, and complete strangers." *See* https://github.com/about. GitHub offers private repositories for corporate customers, but programmers can also post publicly on GitHub to share "interesting projects, solving all types of interesting problems." https://github.com/explore. Anyone can view these "public repositories. https://github.com/features. Uber has posted dozens of programming projects to GitHub's public repositories. *See* https://github.com/uber.

Uber claims it "is informed and believes that whoever accessed Uber's database also visited the" two GitHub posts at issue at some unspecified time. Dkt. No. 4-2, ¶ 3. To that end, Uber sought and was granted *ex parte* relief to serve a subpoena on GitHub "identifying the IP addresses or subscribers that viewed, accessed, or modified these posts and the date/time of access, viewing, or modification, as well as any records or metadata relating to the browser (i.e., logged HTTP headers, including cookies) or device that viewed, accessed, or modified the posts" for a six month period. Dkt. No. 4-1, Ex. A.

Uber has never explained the basis for its "information and belief" that John Doe 1 also accessed the two GitHub posts at issue, and has never provided any information linking the May 12, 2014 download with the GitHub access. Indeed, Uber has never suggested that accessing the GitHub posts was improper in any way.

### C. Uber's Comcast Subpoena

In response to Uber's subpoena, GitHub produced information indicating "that someone accessed the relevant GitHub posts from the [IP a]dress" assigned to Subscriber's account at some unspecified point in time. Dkt. No. 16, p. 3. Based on this one fact—that someone using Subscriber's IP address accessed a posting on GitHub at some unspecified time during a six month period—Uber filed an *ex parte* request to subpoena Comcast for the personal identifying and payment information of Subscriber. Subscriber received notice of the Comcast Subpoena on May 1, 2015.[1]

---

[1] Pursuant to this Court's April 27, 2015 Order, served with the Comcast Subpoena, Subscriber "shall have 30 days from the date of service upon him or her to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena)." Dkt. No. 20, p. 9. Subscriber's motion meets this 30-day deadline.

Uber has never disclosed the basis for its "information and belief" that whoever committed the May 12, 2014 download also visited the two GitHub posts, what other responsive information was produced by GitHub, whether other IP addresses visited the GitHub posts or how many, and, if so, why Subscriber's address was singled out as the one for further discovery.  Nor does Uber allege that information responsive to the Comcast Subpoena will likely identify John Doe 1.  All Uber offers is the vague, unsupported assertion that "information related to [Subscriber's] IP address will further Uber's investigation regarding the identity of John Doe 1." Dkt. No. 16, p. 1.  As shown below, this is insufficient to warrant the broad Comcast Subpoena.

## IV.   THE COMCAST SUBPOENA SHOULD BE QUASHED

### A.   Uber Does Not have Good Cause to Subpoena Subscriber's Personal Information

As the Court and Uber agree, a plaintiff must make a showing of "good cause" to obtain early discovery.  Dkt. No. 11, p. 3; *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 275-77 (N. D. Cal. 2002).  To obtain early discovery, Uber must show that it: (1) "can identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "has identified all previous steps taken to locate the elusive defendant"; (3) has a lawsuit "against the defendant [that] could withstand a motion to dismiss"; and (4) "has demonstrated that there is a reasonable likelihood of being able to identify the [Doe] defendant through discovery such that service of process would be possible". Dkt. No. 11, p. 4; *Hard Drive Prods., Inc. v. Does 1-90*, 2012 WL 1094653 at*2 (N.D. Cal. March 30, 2012).  This is a rigorous test because early discovery occurs only in "rare cases," and "[i]n the Ninth Circuit such exceptions to the general rule have been generally disfavored". *Columbia Ins.*, 185 F.R.D. at 577. Here, Uber's discovery of Subscriber is improper because Uber has not identified all previous steps to locate John Doe 1, has not demonstrated that a suit against Subscriber could withstand a motion to dismiss, and has not demonstrated with any likelihood that this discovery will identify John Doe 1.

####   1.   *Uber Admits that the Comcast Subpoena will not Identify John Doe 1*

Uber's vague assertion that "information related to [Subscriber's] IP address will further Uber's investigation regarding the identity of John Doe 1," is insufficient to warrant the Comcast

1  Subpoena. Dkt. No. 16, p. 1. As the Ninth Circuit has stated, early discovery is only permitted if
2  such discovery is "very likely" to "disclose[] the identities of the 'John Doe' defendants." *Gillespie*
3  *v. Civiletti*, 629 F.2d 637, 643 (9th Cir. 1980); *Hard Drive Prods.*, 2012 W.L. 1094653 at * 2. Uber
4  admits that it cannot make such a showing, merely stating that the Comcast Subpoena will "further
5  Uber's investigation." Dkt. No. 16, p. 1. This makes sense because the only information that Uber
6  has regarding Subscriber is that at some unknown point in time, Subscriber visited one or more
7  GitHub postings. Uber has not stated who else visited these posts, when Subscriber visited the posts,
8  what connection Subscriber's visit to the GitHub posts has to the alleged May 12, 2014 download,
9  and, most importantly, that it has any evidence that someone using Subscriber's IP address
10 committed the single alleged wrongful act of downloading driver information from the Uber database
11 on May 12, 2014.

12      The most Uber can expect from its discovery is that a response may lead Uber further down
13 the path to identifying John Doe 1. But this expectation is not enough under this Circuit's rigorous
14 good cause standard. For example, in *Hard Drive Prods., Inc. v. Does 1-90*, the court denied
15 plaintiff's early discovery request for identifying information relating to IP addresses that plaintiff
16 could confirm committed copyright infringement. 2012 W.L. 1094653 at * 2. The court denied the
17 request, in part, because "the subpoena [was] only the first step in a lengthy extra-judicial
18 investigation that may or may not lead to naming any Doe defendants in this lawsuit." *Id*. As the
19 court noted, "[m]ultiple people may, and often do, use a single ISP subscription—family members,
20 roommates, guests, or other individuals (unknown to subscriber) who access the internet using any
21 unprotected wireless signals they can find." *Id*. Under such circumstances, early discovery was not
22 appropriate because plaintiff could "not show that the requested discovery [was] at all likely to
23 uncover the identity of the Doe defendants." *Id*. at *4. *See also Boy Racer, Inc. v. Does 1-52*, 2011
24 WL 7402999, at *3 (N.D. Cal. Sept. 13, 2011) ("As an 'extraordinary remedy,' expedited discovery
25 may not be granted where the requested discovery clearly would not uncover the identities sought.").
26      Here, Uber has made less of a showing than the plaintiff in *Hard Drive Productions*. In that
27 case, at least, the plaintiff was able to confirm that the targeted IP addresses had participated in illegal
28 activity. Here, all that Uber can claim is that someone using Subscriber's IP address accessed

GitHub webpages at some point during a six-month period of time. Uber has never provided any facts or information to this Court that would support the leap between visiting a public webpage on some unspecified date and allegedly improperly downloading information on May 12, 2014.

Requiring Uber to show that the Comcast Subpoena will specifically identify John Doe 1 is particularly important here because Subscriber has "the legitimate and valuable right to participate in online forums anonymously or pseudonymously. People are permitted to interact pseudonymously and anonymously with each other so long as those acts are not in violation of the law. *Columbia Ins. Co.*, 185 F.R.D. at 578. There is nothing illegal about visiting a posting on GitHub and Subscriber should not be subject to harassment for allegedly doing so. Because, by Uber's own admission, the Comcast Subpoena is not "very likely" to reveal the identity of John Doe 1, it must be quashed.

### 2. A Suit Against Subscriber will not Withstand a Motion to Dismiss

Uber's Comcast Subpoena must be quashed for the additional reason that a suit against Subscriber would not withstand a motion to dismiss. *Columbia Ins.*, 185 F.R.D at 579-80; *Hard Drive Prods.*, 2012 WL 1094653 at *2. Uber treats this standard summarily in its *ex parte* papers, stating simply that the Court has previously found that "Uber's 'claims *against John Doe I* could withstand a motion to dismiss". Dkt. No. 16, p. 3 (emphasis added). This bare allegation misinterprets the standard because Uber must show that it its claims *against Subscriber*, not John Doe 1, could withstand a motion to dismiss. In other words, Uber "must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.*, 185 F.R.D at 580; *Bleiberg Entm't, LLC v. John Does 48-85*, 2013 WL 3930471, at *2 (D. Ariz. July 29, 2013) ("the complaint contains no factual allegations setting forth that the [subpoenaed] subscribers were, in fact, the individuals using the Internet connections at the relevant time. Thus, it is *conceivable* that the [subpoenaed] subscribers were using the connection but it is equally plausible that someone other than the subscribers were using the connection") (emphasis in original). Because Uber cannot confirm with any certainty that Subscriber committed the alleged improper May 12 download or provide any factual link between Subscriber's access of two GitHub posts and the alleged wrongful conduct, Uber could not withstand a motion to dismiss by Subscriber.

In fact, Uber's "conclusory pleading will never be sufficient to satisfy this element". *Columbia Ins. Co.*, 185 FRD at 579.  This is because

> [p]re-service discovery is akin to the process used during criminal investigations to obtain warrants.  The requirement that the government show probable cause is, in part, a protection against the misuse of ex parte procedures to invade the privacy of one who had done no wrong.  A similar requirement is necessary here to prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against the defendant.

*Id*.  Allowing Uber to proceed with the Comcast Subpoena and invade Subscriber's privacy is improper when all Uber can establish is that someone using Subscriber's IP address accessed the GitHub posts at some unknown time.  This is an abuse of the early discovery process and the Comcast Subpoena should be quashed on this basis as well.

### 3.   Uber has not Identified all Previous Steps Made to Identify John Doe 1

Uber's request for early discovery from Comcast also fails because Uber has not identified all previous steps made to identify John Doe 1.  Uber's general statements that it isolated one unknown IP address that accessed Uber's internal database and is "informed and believed" that John Doe 1 also visited the GitHub postings does not suffice.  Dkt. No. 11, p. 5; Dkt. No. 20, p. 2.  Instead, those general statements beg more questions and demonstrate that Uber has offered no facts to support the Comcast Subpoena.

As noted, Uber admits that the unknown IP address that accessed Uber's database on May 12, 2014 is not Subscriber's IP address.  Uber has not explained the steps it made to identify the owner of this unknown IP address, only offering the conclusion that it cannot identify its owner.  Uber also does not identify the steps taken to conclude that, on information and belief, "whoever accessed Uber's database also visited the" two GitHub posts at some unspecified point in time.  Dkt. No. 4-2, ¶ 3.  This is particularly important here because it is the sole fact that Uber relies on—that Subscriber allegedly accessed the GitHub posts at some unspecified time—in seeking the Comcast subpoena.

In short, Uber fails to provide information connecting Subscriber to John Doe 1 or the alleged wrongdoing on May 12, 2014.  Uber does not explain how many IP addresses visited the GitHub postings during the six-month period, why it excluded Uber IP addresses from its investigation of the unauthorized download, when Subscriber's IP address allegedly accessed the GitHub postings, or

7   MOTION TO QUASH COMCAST
SUBPOENA AND TO APPEAR AS "SUBSCRIBER"
Case No. CR 15-cv-00908-LB

what information they have from GitHub confirming that Subscriber (as opposed to someone else using Subscriber's IP address) ever saw the GitHub postings. Uber has also not explained key information about these two GitHub posts at issue, including why and how those posts were created, when they were placed on the GitHub site, and for how long. These questions must be answered before Uber can satisfy the requirement that it identify all steps made to identify John Doe 1.

### B. Uber's Subpoena is Overbroad and Seeks Irrelevant Information

Uber's Comcast Subpoena is also overbroad and irrelevant under Federal Rule of Civil Procedure 45 because it seeks information unconnected to the alleged improper May 12, 2014 download from Uber's driver database. "In order for materials to be discoverable under Rule 45, they must not be privileged and must be relevant to a party's claim or defense." *Chevron Corp. v. Donzinger*, 2013 W.L. 4536808 at * 11 (N.D. Cal. Aug. 22, 2013) (citations omitted). "The party issuing the subpoena must demonstrate the discovery is relevant," and "the Court has an independent obligation 'to avoid imposing undue burden or expense on a person subject to the subpoena.'" *Id*. The Court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(c)(2)(B)(ii).

Uber's Comcast Subpoena does not meet Rule 45's requirements because it requests information about Subscriber regardless of whether Subscriber ever accessed or downloaded anything from Uber's driver database on May 12, 2014. Specifically, Uber's subpoena seeks:

(1) The name, address, telephone number, email address, Media Access Control addresses, and any other identifying information for each subscriber assigned to [Subscriber's IP address] from March 11, 2014 until May 13, 2014.

(2) Any logs or other information regarding Subscriber's access to the following IP addresses or domains between March 11, 2014 and May 13, 2014: (a) ▮▮▮▮▮▮▮ ; and (b) ▮▮▮▮▮▮▮ .

(3) Any logs or other information regarding Subscriber's access to the following IP addresses or domains on May 12, 2014 on or about 9:47 on PDT: (a) ▮▮▮▮▮▮▮ ; and (b) ▮▮▮▮▮▮▮ .

(4) The name, address, telephone number, email address, Media Access Control address, and any other identifying information for any individual user or machine on Subscriber's networks that accessed [the two GitHub posts at issue] on or about April 12, 2014.

(5) The Subscribers means and source of payment (including any credit card or bank account numbers).

Dkt No. 16-1, Att. A. Not one request seeks information about the alleged May 12, 2014 download. Request No. 3 comes close in that it seeks information relating to May 12, 2014—but rather than asking about accessing or downloading information from Uber's database, it seeks information about Subscriber's access to an unrelated website and IP address. Request No. 4 similarly misses the mark, seeking information about Subscriber's access to the GitHub posts a full month before the alleged May 12, 2014 download. These requests are further flawed because they assume, without any factual support, that Subscriber was the only person or business using Subscriber's IP address. *See, e.g., Boy Racer*, 2011 WL 7402999 at *2 (listing all the subsequent discovery that would be needed to figure out who used an IP address, including device-inspections, interrogatories, document requests, and depositions).

The other requests are entirely unrelated to the alleged May 12, 2014 download. Request No. 1 seeks personally identifying information for a two-month time period regardless of Subscriber's internet activity; Request No. 2 seeks information about Subscriber's access to an unrelated website and IP Address; and Request No. 5 seeks Subscriber's private payment information without any limitation. These overbroad, irrelevant requests go beyond that permitted by Rule 45. At a minimum, the requests must be connected to the alleged wrongdoing. *See Chevron Corp.*, 2013 W.L. 4536808 at *15 (granting motion to quash with respect to specific email accounts that plaintiff could not connect to alleged wrongdoing). Uber has not met this burden and the Comcast Subpoena seeking personal and private information should be quashed.

V.     **SUBSCRIBER MAY FILE THIS MOTION ANONYMOUSLY.**

Courts "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067-68 (9th Cir. 2000) (internal citations omitted); *see also United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980). Third-parties may move anonymously to quash subpoenas seeking information in which they have a personal right or privilege, and where requiring otherwise "would effectively moot the very relief they seek and would provide plaintiff a 'backdoor' route to the information sought through the subpoenas." *Sunlust Pictures, LLC v. Cisa*, 2012 WL 5187837, at *3 (D. Colo. Oct. 19, 2012)

(allowing movants to proceed anonymously); *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 161 (D. Mass. 2013) (allowing Does to challenge subpoenas served on their ISPs anonymously); *IO Grp., Inc. v. Does 1-19*, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (permitting subscriber to proceed anonymously in copyright infringement action involving pornography).

Here, allowing Subscriber to proceed anonymously is warranted because Subscriber has "the legitimate and valuable right to participate in online forums anonymously," *Columbia Ins*, 185 F.R.D. at 578, and because disclosing Subscriber's identity "would effectively moot the very relief [Subscriber] seek[s] and would provide [Uber] a 'backdoor' route to the information sought through the subpoenas." *Sunlust Pictures*, 2012 WL 5187837, at *3. Moreover, revealing Subscriber's identity would cause embarrassment and reputational harm because Subscriber would be associated with the highly publicized May 12, 2014 breach of Uber's database when Uber has made no showing that Subscriber is in fact responsible for that breach in any way. Again, all Uber has alleged is that Subscriber visited two public GitHub posts. Under these circumstances, the Court should allow Subscriber to proceed anonymously.

## VI. CONCLUSION

For the foregoing reasons, the Comcast Subpoena should be quashed and Subscriber should be permitted to appear as "Subscriber."

Dated: May 29, 2015

BOERSCH SHAPIRO LLP

*/s/ Martha Boersch*
MARTHA BOERSCH
Attorney for Subscriber