1   PERKINS COIE LLP
    JAMES G. SNELL (SBN 173070)
2   JSnell@perkinscoie.com
    JULIE E. SCHWARTZ (SBN 260624)
3   JSchwartz@perkinscoie.com
    3150 Porter Drive
4   Palo Alto, CA  94304
    Telephone:     650.838.4300
5   Facsimile:     650.838.4595

6   Attorneys for Plaintiff
    Uber Technologies, Inc.
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12   Uber Technologies, Inc.,                    Case No. 3:15-cv-00908 LB

13                    Plaintiff,        **PLAINTIFF UBER TECHNOLOGIES,**
                                        **INC.'S LIMITED OPPOSITION TO**
14          v.                          **SUBSCRIBER'S ADMINISTRATIVE**
                                        **MOTION TO FILE PORTIONS OF**
15   John Doe I, an individual,         **SUBSCRIBER'S MOTION TO QUASH**
                                        **COMCAST SUBPOENA AND TO APPEAR**
16                    Defendant.        **AS "SUBSCRIBER" UNDER SEAL**

17

18

19

20

21

22

23

24

25

26

27

28

1    Uber Technologies, Inc. ("Uber") agrees that all of the information subject to Subscriber's

2 Administrative Motion to Seal (the "Motion") should be sealed--to protect Uber's investigation.

3 Indeed, the Court earlier granted Uber's prior motion to seal the exact same information on this

4 basis.  (Dkt. 20.)

5    Uber files this pleading only because it disagrees with the rationale Subscriber gives to

6 seal Subscriber's IP address.  Subscriber claims good cause exists to seal Subscriber's IP address

7 because it "is private and confidential to Subscriber."  (Dkt. 25 at 2.)  But Subscriber has not cited

8 authority to support the position that an IP address standing alone can be shielded from civil

9 discovery based on any right to participate on the Internet anonymously.  The portions of the case

10 cited by Subscriber, *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999)

11 ("*Columbia*"), address speech on the Internet, not the identity of an IP address.  Moreover,

12 *Columbia* confirms that any right to participate anonymously that might exist gives way where, as

13 here, "there is a reasonable likelihood that the discovery process will lead to identifying

14 information about the defendant that would make service of process possible" and specifically

15 invited a request for such discovery from plaintiff.  *Id.* at 580; *see Uber Technologies, Inc. v. Doe*,

16 No. 15-CV-00908-LB, 2015 WL 1926291, at *5 (N.D. Cal. Apr. 27, 2015) ("This case lies near

17 the opposite end of the spectrum [of anonymous speech cases].  Here, Uber alleges that Doe

18 directly breached and stole data from its secure database").

19    Accordingly, the information should remain sealed for the reasons Uber previously

20 identified and the Court ordered.  No further sealing order is needed.  If a further sealing order is

21 entered, it should not be based on the Subscriber's supposed privacy interest in Subscriber's IP

22 address.

23

24 DATED:  June 2, 2015                    **PERKINS COIE** LLP

25                                         By:  */s/ James G. Snell*
                                               James G. Snell
26

27                                         Attorneys for Plaintiff
                                           Uber Technologies, Inc.
28

LIMITED OPPOSITION TO
                                         MOTION TO SEAL
                                         Case No. 3:15-cv-00908 LB