PERKINS COIE LLP
JAMES G. SNELL (SBN 173070)
JSnell@perkinscoie.com
JULIE E. SCHWARTZ (SBN 260624)
JSchwartz@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:    650.838.4300
Facsimile:     650.838.4595

Attorneys for Plaintiff
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Uber Technologies, Inc., | Case No. 3:15-cv-00908 LB |
|---|---|
| Plaintiff, | **PLAINTIFF UBER TECHNOLOGIES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE PORTIONS OF UBER'S OPPOSITION TO SUBSCRIBER'S MOTION TO QUASH (DKT. 34) AND THE DECLARATION OF JAMES G. SNELL IN SUPPORT OF SAME (DKT. 34-1) UNDER SEAL**  [N.D. Civ. L.R. 79-5] |
| v. | |
| John Doe I, an individual, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Uber Technologies, Inc. ("Uber") respectfully submits this Motion for Administrative Relief to file portions of Uber's Opposition to Subscriber's Motion to Quash (Dkt. 34) (the "Exhibit") under seal. As set forth below, good cause exists for the Court to grant this relief because Uber's opposition contains sensitive information that, if publicly disclosed, could undermine Uber's investigation into the data theft at issue in this lawsuit.

## II. LEGAL STANDARD

Civil Local Rule 79-5 provides that a document may be filed under seal only if the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). A "good cause" standard applies to requests to seal nondispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "Nondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to nondispositive materials." *Id.* (internal quotations omitted). Discovery motions are considered nondispositive for purposes of the sealing analysis. *Angioscore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 75187, at *2 (N.D. Cal. Jan. 6, 2015).

## III. ARGUMENT

Good cause exists to file portions of Uber's opposition under seal because Uber's opposition contains sensitive information regarding Uber's ongoing investigation. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09–CV–1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (granting motion to seal documents that contained confidential information from plaintiff's pending investigations); *see also In re Google Inc. Gmail Litig.*, Case No.: 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (granting motion to seal based on confidential information that, if made public, could aid hackers in circumventing Google's security measures); (Declaration of Julie E. Schwartz ("Schwartz Decl.") ¶ 2).

Uber is seeking discovery regarding the identity of John Doe I. Public disclosure of the information Uber has gathered in its investigation could possibly jeopardize Uber's ongoing

-1- MOTION FOR ADMINISTRATIVE RELIEF TO FILE UNDER SEAL
Case No. 3:15-cv-00908 LB

investigation by giving John Doe I insight into the status of Uber's investigation and thus potentially allow him to take steps to further conceal his identity from Uber or tamper with evidence.  (Schwartz Decl. ¶ 2.)  On the other hand, there is no countervailing public interest in access to this information, as Uber's request for discovery into the identity of John Doe I is only tangentially related to the underlying claims brought by Uber.  *Pintos*, 605 F.3d at 678 (noting that the public interest in nondispositive materials is weaker, as they are only tangentially related to the underlying cause of action).

Accordingly, to protect the integrity of Uber's investigative process, the Court should permit Uber to file portions of the Exhibit under seal.

## IV.     CONCLUSION

For the foregoing reasons, Uber requests that the Court grant its motion.

DATED:  June 12, 2015                              **PERKINS COIE LLP**

By: */s/ James G. Snell*
    James G. Snell

Attorneys for Plaintiff
Uber Technologies, Inc.