REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

PERKINS COIE LLP
JAMES G. SNELL (SBN 173070)
JSnell@perkinscoie.com
JULIE E. SCHWARTZ (SBN 260624)
JSchwartz@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone: 650.838.4300
Facsimile: 650.838.4595

Attorneys for Plaintiff
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Uber Technologies, Inc., <br><br>            Plaintiff, <br><br>   v. <br><br>John Doe I, an individual, <br><br>            Defendant. | Case No. 3:15-cv-00908 LB <br><br>**PLAINTIFF UBER TECHNOLOGIES, INC.'S OPPOSITION TO SUBSCRIBER'S MOTION TO QUASH SUBPOENA TO COMCAST** <br><br>Date: July 9, 2015 <br>Time: 9:30 am |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## I. INTRODUCTION

Subscriber's motion to quash Plaintiff Uber Technologies, Inc.'s ("Uber") subpoena to Comcast Business Communications, LLC ("Subpoena" or "Comcast Subpoena") should be denied because it mischaracterizes the law governing early discovery, as well as the scope and importance of the information sought by the Comcast Subpoena. As this Court has already held, Uber meets the good cause standard for leave to serve early discovery on Comcast aimed at identifying John Doe I. The Court's holding is amply supported by Ninth Circuit authority, including the cases cited by Subscriber, and the factual record.

Subscriber is a third party that, on ▮▮▮▮▮▮▮▮, accessed a GitHub post that contained Uber's secret key. On May 12, 2014, someone using an ▮▮▮▮▮▮▮ IP address illegally downloaded information from Uber's proprietary database using that secret key. Subscriber's access to the GitHub post containing Uber's security key is ▮▮▮▮▮▮▮▮▮▮▮ accesses, and the most contemporaneous access to the illegal download. Moreover, the person who performed the May 12 download was also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Based on these facts, there is a reasonable likelihood that the discovery will lead to identifying information about defendant.

Each category of information that Uber seeks from Comcast is narrowly tailored to obtain the requisite information, and Subscriber has not shown otherwise. The information sought is critical to Uber's case. The identity of the subscriber, information that connects the Subscriber to the ▮▮▮▮▮ IP service or address used to perform the download, or the identity of the person or machine that accessed the GitHub webpage that contained the secret key all may help confirm the identity of John Doe I.

Accordingly, the Court should deny Subscriber's motion to quash.[1]

---

[1] The parties met and conferred in person in San Francisco on June 9, but were unable to resolve or narrow the pending issues. (Declaration of James G. Snell ¶3.)

-1-

OPPOSITION TO
MOTION TO QUASH
Case No. 3:15-cv-00908 LB

## II. RELEVANT FACTS

**A. The Court Already Found The Facts Sufficient To Show Good Cause For Expedited Discovery To Comcast**

Based on the following facts, the Court found good cause to grant Uber's *ex parte* application for expedited discovery for information related to the Comcast IP address. *Uber Techs., Inc. v. Doe*, No. 15-CV-00908-LB, 2015 WL 1926291, at *1 (N.D. Cal. Apr. 27, 2015) ("*Uber II*").

- Uber maintains internal database files with information about the drivers who use its application. (Dkt. No. 1. ¶ 6.)
- Uber closely guards the contents of these internal database files. (*Id.* ¶ 7.)
- Accessing Uber's internal database files requires a unique security key that is not intended to be available to anyone other than certain Uber employees, and no one outside of Uber is authorized to access the files. (*Id.* ¶ 7.)
- On or around May 12, 2014, John Doe I used the unique security key to access and download Uber database files containing proprietary information from an Internet protocol ("IP") address not associated with an Uber employee and otherwise unknown to Uber. (*Id.* ¶ 9.)
- Uber is informed and believes that the person who downloaded the files accessed certain posts on the GitHub website. (Dkt. No. 4-2 ¶ 3.)
- Information produced by GitHub indicates that someone used an IP address registered to Comcast to access those posts. (Dkt. No. 16-1 ¶¶ 3-4.)

**B. Additional Facts Further Support the Court's Finding of Good Cause**

As previously found by this Court, the above facts meet the good cause standard. Nevertheless, Uber provides the following additional facts that further demonstrate that good cause exists for the discovery sought in the Comcast Subpoena is warranted:[2]

---

[2] Uber's investigation is ongoing and, to protect the integrity of the investigation, Uber does not reveal all of results of its investigation here. Rather, Uber provides this summary to further demonstrate that good cause exists for the Comcast Subpoena.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

- There are ▮▮▮▮ IP addresses that visited the GitHub webpages before the May 12 download that Uber has not identified as associated with Uber users or are otherwise explained (e.g., automated indexing by Google). (Declaration of James G. Snell ¶ 1.)
- Subscriber visited the post on ▮▮▮▮, and is the only IP address not identified by Uber that accessed the post after the date it was posted. (*Id.*)
- The person who used the secret key to download Uber's files on May 12, 2014 apparently tried to cover their tracks by using an IP address from ▮▮▮▮ ▮▮▮▮ (*Id.*)
- The ▮▮▮▮ IP address visited Uber posts on GitHub's website on May 12, 2014, right before the illegal download occurred. (*Id.*)

### III. LEGAL STANDARD

A court may authorize discovery to be taken before the parties' Rule 26(f) conference for "good cause" shown – *i.e.*, the need for discovery outweighs the prejudice to the party from whom discovery is sought. Fed. R. Civ. P. 26(d)(1); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

To determine whether "good cause" exists in this context, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Skout, Inc v. Jen Processing, Ltd*, No. 14-CV-02341-JSC, 2015 WL 224930, at *2 (N.D. Cal. Jan. 15, 2015) (citing *OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011)).

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## IV.     ARGUMENT

**A.     The Court Should Deny Subscriber's Motion To Quash**

### 1.    This Court Properly Determined That Uber Has Good Cause To Subpoena Subscriber's Information

As this Court correctly found, Uber meets each prong for the standard for early discovery with respect to the Comcast Subpoena.  "Uber has shown that: (1) John Doe I is a real person who may be sued in federal court; (2) Uber unsuccessfully tried to identify John Doe I before filing these motions; (3) its claims against John Doe I could withstand a motion to dismiss; and (4) there is a reasonable likelihood that the proposed subpoenas will lead to information identifying John Doe I."  *Uber Techs., Inc. v. Doe*, No. 15-CV-00908-LB, 2015 WL 1926291, at *1 (N.D. Cal. Apr. 27, 2015)  ("*Uber II*"); *see also Uber Techs., Inc. v. Doe*, No. 15–cv–00908–LB, 2015 WL 1205167, at *1 (N.D. Cal. Mar. 16, 2015) ("*Uber I*") (same, holding that "good cause exists to allow Uber to engage in this preliminary discovery.").  This Court need not consider the matter further.

### 2.    The Comcast Subpoena Is Reasonably Likely To Lead To The Identity Of John Doe I

Contrary to Subscriber's contention, and consistent with the Court's ruling, Uber has demonstrated that the proposed subpoena seeks information aimed at identifying John Doe I. *Uber I*, 2015 WL 1205167, at *4.  This prong requires only that Uber show "a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999) ("*Columbia*").  Uber satisfied this element by showing that someone used an IP address registered to Comcast to access relevant posts on the GitHub site," and that Uber is informed and believes that the person who breached Uber's database accessed the GitHub posts. *Uber II*, 2015 WL 1926291, at *1.

Moreover, the additional facts set forth above further support the Court's finding by showing that Subscriber's IP address was one of ██████ IP addresses that visited the GitHub post, was the access most contemporaneous with the download, and the IP address associated with the download █████████████████ immediately before performing the

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

illegal download.  (Snell Decl. ¶ 1.)  These facts further support that there is a reasonable likelihood that the discovery process will lead to identifying information about defendant.

The Comcast Subpoena seeks (1) the identity of Subscriber, (2) whether Subscriber accessed ▮ or the IP address used to perform the illegal download from March 11, 2014 to May 13, 2014, (3) whether Subscriber accessed ▮ or the IP address used to perform the illegal download on May 12, 2014 at the time the download was performed, (4) the identity of any user or machine who accessed the GitHub pages on which the secret key was posted and (5) payment information related to the Comcast IP account.  This information is specifically targeted to identify John Doe I by seeking Subscriber's identity and the Comcast Subscriber's  connection to the ▮ GitHub access or the May 12 download, and Uber is entitled to this information.[3]

Subscriber's arguments that the discovery sought may not establish that Subscriber committed the conduct alleged is nothing more than a premature merits-based argument.  As this Court has held, "While these argument may have merit, they are for another day." *Hard Drive Prods., Inc. v. Does 1-118*, No. C 11–01567 LB, 2011 WL 5416193, at *4 (N.D. Cal. Nov. 8, 2011) ("*Hard Drive*") (quoting *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (N.D. Cal. 2011) ("*Voltage*") ("A general denial of liability . . . is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information.  That would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuit to address the merits of both the plaintiff's claims and their defenses.").[4]

---

[3] Subscriber's counsel conveyed to Uber's counsel on June 11, 2015 that Comcast claims it does not have information responsive to items 2-5 in the requested subpoena.  Subscriber's counsel has not, however, conceded the Motion to Quash with respect to items 2-5, and Uber is entitled to receive Comcast's response and discuss the response directly with Comcast.  Subscriber's counsel's hearsay statements should therefore be disregarded.

[4] Subscriber points to *Bleiberg Entm't, LLC v. John Does 48-85*, a mass file-sharing copyright lawsuit, where the court denied discovery of multiple IP address subscribers' identities because the plaintiff had already admitted that the subscribers may not be the actual defendants but that plaintiff could name them anyway. 2013 WL 3930471, at *1 (D. Ariz. July 29, 2013) ("*Bleiberg*").  Here, by contrast, there is a single defendant and a single unlawful access and Uber seeks to name as a defendant the person responsible for the unlawful conduct.  Moreover, to the extent *Bleiberg* suggests that a subscriber can seek

### a. Uber Need Not Show The Subpoena Is "Very Likely" To Lead To The Identity Of John Doe I

Subscriber's argument that Uber must show disclosure of Subscriber's identity is "very likely" to lead to the identity of John Doe is based on a misreading of *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) ("*Gillespie*"). In *Gillespie*, the Ninth Circuit held that the district court abused discretion in denying discovery where it was "very likely" that the requested early discovery would have identified the John Doe defendants. *Id.* at 643. It did not, as Subscriber suggests, hold that early discovery *must be* "very likely" to identify a doe defendant. To the contrary, in reaching its decision, the Ninth Circuit explained that a plaintiff must be "given an opportunity through discovery to identify the unknown defendants, *unless it is clear that discovery would not uncover the identities*, or that the complaint would be dismissed on other grounds." *Id.* at 642 (emphasis added); *Uber I*, 2015 WL 1205167, at *4 (quoting this language as the test). Here, the discovery sought is reasonably likely (and, indeed, very likely) to identify John Doe I.

Consistent with *Gillespie*'s holding, this and other courts regularly permit early discovery for identifying information associated with an IP address aimed at identifying a Doe defendant, even where doing so may entail a multi-step process. *See, e.g., Voltage*, 818 F. Supp. 2d at 35 (denying motions to quash early discovery subpoenas seeking subscriber information associated with IP addresses notwithstanding subscriber's objections about the reliability of IP address to identify defendants); *Columbia*, 185 F.R.D. at 580 (requiring "a reasonable likelihood that the discovery *process* will lead to identifying information about defendant") (emphasis added); *see also, e.g., Wilens v. Automattic Inc.*, No. C 14–02419 LB, 2015 WL 498745, at *2-4 (N.D. Cal. Feb. 5, 2015) (describing multiple subpoenas issued to ISPs as part of several-step process to identify anonymous defendants); *Quad Int'l, Inc. v. Doe*, 2012 WL 5868966, at *2 (N.D. Cal. Nov. 19, 2012) (granting early discovery request to issue a subpoena to ISP for subscriber information of an IP address while acknowledging that the ISP subscriber may not be the ultimate defendant); *Hard Drive*, 2011 WL 5416193, at *4 (denying subscriber's motion to quash

---

a motion to quash by denying liability before being named as a defendant, such a holding would conflict with the great weight of authority, including this Court's rulings, and should be disregarded.

subpoena information associated with IP address); *Millennium TGA, Inc. v. Does 1-21*, No. 11–2258 SC, 2011 WL 2976883 (N.D. Cal. July 22, 2011) (same).[5]

The cases Subscriber cites are consistent with this authority, but reach a different conclusion because the plaintiffs in those cases abused the early discovery process. For example, in *Hard Drive*, a mass copyright case, the court recognized the principle in *Gillespie* that "courts may grant early discovery to determine the doe defendants' identities '*unless it is clear that discovery would not uncover the identities*, or that the complaint would be dismissed on other grounds.'" 2012 WL 1094653, at *2 (emphasis added) (quotation omitted). Nonetheless, the court denied early discovery against multiple unnamed defendants because the plaintiff had no apparent interest in prosecuting the case, "but instead seem[ed] to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net)." *Id.* at 6. Uber has no such improper agenda here. *See Liberty Media Holdings, LLC v. Letyagin*, No. 2:12–cv–00923–LRH–GWF, 2012 WL 3135671, at *4, n. 3 (D. Nev. 2012) (granting early discovery request to identify the subscriber associated with an IP address, and distinguishing *Hard Drive* because it involved an abusive request).

In *Boy Racer, Inc. v. Does 1-52*, the court authorized essentially the same early discovery requested here–subscriber information for IP addresses–but later denied further discovery after plaintiff delayed in identifying and serving the Doe defendants. No. 11–CV–2329–PSG, 2011 WL 7402999, at *1-2 (N.D. Cal. Sept. 13, 2011) ("*Boy Racer*"). Again, no such improper conduct is at issue here. Further, in contrast to Subscriber's claim that Uber must "show that the Comcast Subpoena will specifically identify John Doe I**,"** Motion to Quash [Dkt. 24] at 6, the court in *Boy Racer* recognized, to the contrary, that "[t]here are, of course, no guarantees that discovery will lead to evidence as expected, and the court does not expect perfect foresight." *Id.* at *3.

---

[5] *See also, e.g., G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. C14-02069 LB, 2014 WL 2759075 (N.D. Cal. June 17, 2014) (granting request to conduct early discovery by issuing a subpoena to Yahoo! for IP addresses, and to Hanmi Bank for deposits); *Braun v. Primary Distrib. Doe No. 1*, Nos. C 12–5786 MEJ, 12–5814 MEJ, 12–5812 MEJ, 12–5813 MEJ, 2012 WL 6087179 (N.D. Cal. Dec. 6, 2012) (granting request to conduct early discovery by issuing subpoenas to multiple ISPs for subscriber information of certain IP addresses)

     **b.    Subscriber's Purported Privacy Interest In Participating Online Does Not Justify Quashing The Subpoena**

Nor does Subscriber's supposed interest in participating in online forums anonymously or pseudonymously justify Subscriber's motion to quash, as this Court has already determined. In fact, Subscriber has not provided any information to support the claim that the subpoenaed information can be shielded from civil discovery based on any right to participate on the Internet anonymously and the cases Subscriber cites are to the contrary. *Chevron Corp. v. Donziger*, 2013 WL 45536808, *9-10 (N.D. Cal. 2013) held that the Doe defendants had no privacy interest in subscriber information, IP addresses and IP logs associated with their email accounts. And *Columbia*, 185 F.R.D. at 578, addresses speech on the Internet, not information surrounding the identity of an owner of an IP address and the other information sought in the Comcast Subpoena. Moreover, *Columbia* confirms that any right to participate anonymously gives way where, as here, "there is a reasonable likelihood that the discovery process will lead to identifying information about the defendant," and the *Columbia* court specifically invited the plaintiff to seek such discovery. *Id.* at 580. This Court has already made the same determination. *Uber II*, 2015 WL 1926291.

     **3.    Uber Has Stated A Claim Against John Doe I That Would Withstand A Motion To Dismiss**

The Court's finding that Uber's "suit against *defendant* could withstand a motion to dismiss" was also correct. *Skout, Inc*, 2015 WL 224930, at *2 (citation omitted) (emphasis added). Indeed, the Court found that Uber has pled "the essential elements to state a claim for violations of the federal Computer Fraud and Abuse Act, and the California Comprehensive Computer Data Access and Fraud Act." *Uber I*, 2015 WL 1205167, at *3.

Subscriber argues that Uber has not shown that its claim would survive a motion to dismiss against *Subscriber*. But Uber need only show that its claim would survive a motion to dismiss against *John Doe I,* and that the sought-after early discovery is designed to identify the perpetrator of those acts. *Columbia,* 185 F.R.D. at 580 ("[P]laintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act."); *see also*

*Skout, Inc.*, 2015 WL 224930, at *2 (plaintiff must show that its "suit against *defendant* could withstand a motion to dismiss"); *G.N. Iheaku & Co. Ltd.*, 2014 WL 2759075 (permitting early discovery where plaintiff sufficiently alleged causes of action against unnamed defendant). As the *Columbia* case cited by Subscriber confirms, the discovery sought need only be "aimed" at revealing specific identifying features of the person or entity who committed the act. *Columbia,* 185 F.R.D. at 580. Here, Uber's discovery is so targeted.

### 4.    Uber Has Described Its Good Faith Efforts To Identify John Doe I

Uber has also satisfied, contrary to Subscriber's contention, the obligation to "identify all previous steps taken to locate the elusive defendant" in order to ensure that Uber has made "a good faith effort to comply with the requirements of service of process and specifically identifying" John Doe I. *Columbia,* 185 F.R.D. at 579. As the Court found, Uber has "adequately described the steps it took to find and identify John Doe I." *Uber I*, 2015 WL 1205167, at *3.

Subscriber claims that Uber has not done enough, but, again, the authority cited by Subscriber confirms otherwise. The *Hard Drive* case Subscriber cites, for example, finds that in "mass copyright cases like this one, there is little plaintiff can do to 'locate' defendants since IP addresses are the only identifying feature plaintiff can collect. This court has previously required plaintiffs to state the date and time of the alleged infringing activity, which plaintiff has done here." *Hard Drive*, 2012 WL at *4. The Court in *Hard Drive* agreed that the plaintiff had shown it had taken the steps it could to locate defendants. *Id.*

Here, similarly, Uber has alleged the date and time of the alleged conduct. Moreover, Uber has gone much further in describing its efforts to identify John Doe I, including (1) reviewing the IP address that accessed Uber's internal database and isolating an unrecognized IP address; (2) being informed and believing that John Doe I accessed certain posts on the GitHub website; and (3) being unable to obtain the information from GitHub through informal investigation. (Dkt. No. 4 at 3; *Uber I*, 2015 WL 1205167, at *3. Uber then provided additional information in its second and third motions for early discovery and the Court granted Uber's

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1  motions to serve a subpoena on Comcast, and an additional subpoena on GitHub. *Uber II*, 2015
2  WL 1926291, at *1.
3     Without authority, Subscriber criticizes Uber for not sharing more detail about Uber's
4  internal investigation. (Motion to Quash [Dkt. 24] at 7-8.) But the "good cause" standard does
5  not require Uber to do so. Rather, it requires a recitation of prior steps for purposes of showing a
6  "good faith" effort to identify the unnamed defendant. *Columbia*, 185 F.R.D. at 579. Nor would
7  it make any sense for the law to require a plaintiff like Uber to disclose the detailed fruits of its
8  investigation. If that were the rule, a potential defendant could file a motion to quash to learn
9  details about an investigation in order to further efforts to tamper with evidence or otherwise
10  evade detection.

11  **B.     The Comcast Subpoena Is Narrowly Tailored And Seeks Relevant Information**
12     Subscriber's claim that Uber's Subpoena is overbroad also fails. The Subpoena is a
13  narrowly tailored and designed to identify the subscriber and connections to access to the GitHub
14  pages on which Uber's secret key was posted and the May 12 download of Uber's information.
15     **Request No. 1** seeks basic subscriber information for the Comcast IP address for the
16  limited time frame March 11, 2014 until May 13, 2014. This Request is narrowly tailored to
17  discover the name and other identifying information for the individual subscriber of the IP
18  address during the time that the IP address accessed the GitHub pages on which Uber's secret key
19  was posted and the illegal download occurred.
20     **Request No. 2** seeks information connecting the Comcast IP address with the
21  ███████████████████████████ IP address that performed the May 12, 2014 illegal
22  download between March 11, 2014 and May 13, 2014. Again, this Request is narrowly tailored
23  to seek specific information connecting the Subscriber's IP address with the IP address that
24  performed the May 12 download.
25     **Request No. 3** is similar to Request No. 2, but narrower in time, and seeks information
26  connecting the Comcast IP address with the ███████████████████████ IP address
27  on May 12, 2014 on or about 9:47 p.m, the time of the illegal download. This Request is
28

1   narrowly tailored to seek specific information connecting the Subscriber's IP address and the IP
2   address that performed the May 12 download.
3       **Request No. 4** seeks information about the individual "user or machine" who accessed the
4   GitHub webpages ▮▮▮▮▮▮. This Request is also narrowly tailored to discover the name of
5   and other identifying information for the individual or machine using the Comcast IP address and
6   who accessed the GitHub pages on which Uber's secret key was posted.
7       **Request No. 5** seeks information regarding Subscriber's means and sources of payment.
8   As with the prior requests, this Request is also narrowly tailored to discover information about the
9   Comcast subscriber reasonably likely to identify the Doe defendant.
10      Thus, none of the Requests are overbroad and all seek information directly relevant to the
11  May 12 download.
12      Contrary to Subscriber's contentions, (Motion to Quash [Dkt. 24], p. 9), there is no basis
13  to quash a subpoena simply because Subscriber may not be the only person using Subscriber's IP
14  address. *See, e.g., Voltage Pictures,* 818 F. Supp. 2d at 35; *G.N. Iheaku & Co. Ltd.*, 2014 WL
15  2759075*; Wilens,* 2015 WL 498745, at *2-4; *Braun,* 2012 WL 6087179; *Quad Int'l,* 2012 WL
16  5868966, at *2; *Hard Drive*, 2011 WL 5416193; *Millennium TGA, Inc.*, 2011 WL 2976883.)
17  Nevertheless, the Comcast Subpoena does seek specific identifying information as Request
18  Number 4 seeks information for the specific "individual user or machine" who accessed the
19  GitHub posts (request no. 4).  Moreover, even if Subscriber could deflect discovery by arguing
20  that more than one user may use an IP address, Subscriber has not provided any evidence that
21  someone other than Subscriber used the IP address.
22      Finally, Subscriber's arguments regarding the timeframe of the Subpoena lack merit.
23  Request No. 4 seeks information about the "individual user or machine" that accessed the GitHub
24  webpages and is, therefore, centrally relevant.  In addition, Request No. 2 is narrowly tailored to
25  seek only information about use of the Comcast IP address to access the website or IP address
26  associated with the May 12 download.
27
28

**C.     Uber Does Not Oppose Subscriber's Request To File This Motion Anonymously**

Uber does not oppose Subscriber's limited request to file this motion anonymously, but Uber disagrees that the information sought in the Comcast Subpoena is subject to any right of anonymity or that such right would justify non-disclosure here. *See* Section 4.A.2.b, above. This Court has held that "[t]his case lies near the opposite end of the spectrum" from anonymous speech cases because "Doe directly breached and stole data from its secure database." *Uber II*, 2015 WL 1926291, at *5. Any right Subscriber might have to participate anonymously online gives way where, as here, "there is a reasonable likelihood that the discovery process will lead to identifying information about the defendant that would make service of process possible." *Columbia*, 185 F.R.D. at 580.

## V.     CONCLUSION

For the foregoing reasons, Uber requests that the Court deny Subscriber's motion.

DATED:  June 12, 2015                    **PERKINS COIE LLP**

By: */s/ James G. Snell*
      James G. Snell

Attorneys for Plaintiff
Uber Technologies, Inc.