PERKINS COIE LLP
JAMES G. SNELL (SBN 173070)
JSnell@perkinscoie.com
JULIE E. SCHWARTZ (SBN 260624)
JSchwartz@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:     650.838.4300
Facsimile:      650.838.4595

Attorneys for Plaintiff
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Uber Technologies, Inc., <br><br>           Plaintiff, <br><br>     v. <br><br> John Doe I, an individual, <br><br>           Defendant. | Case No. 3:15-cv-00908 LB <br><br> **CASE MANAGEMENT STATEMENT** <br><br> Hearing:       June 25, 2015 <br> Time:          11:00 am <br> Courtroom:  C <br> Before:        Hon. Laurel Beeler |

   Plaintiff Uber Technologies, Inc. ("Uber") respectfully submits this Case Management Conference Statement pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and this Court's Standing Orders.

### 1.     JURISDICTION AND SERVICE

   The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action alleges violation of a federal statute, the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030).

Defendant John Doe I is an individual of unknown residence and citizenship. Uber's investigation regarding the identity of John Doe I is ongoing. Uber expects to serve John Doe I once he or she is named as a defendant.

## 2.   FACTS

Uber brings this action against Defendant John Doe I for violations of the CFAA and California's Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502).

Uber is a technology company that has developed a smartphone application that connects drivers and riders in cities all over the world. Uber publicly launched in June 2010 and is available in over 200 cities.

Uber maintains closely guarded internal database files with confidential details on the drivers who use its application. Nobody outside of Uber is authorized to access Uber's internal database files. Accessing these internal database files requires a unique security key. This unique security key is not intended to be available to anyone other than certain Uber employees.

On or around May 12, 2014, John Doe I used the unique security key to download Uber database files, which contained confidential and proprietary information from Uber's protected computers.

## 3.   LEGAL ISSUES

The principal legal issues in dispute are as follows:

(1) Whether John Doe I's conduct violated the Computer Fraud and Abuse Act pursuant to 18 U.S.C. § 1030, *et seq.*?

(2) Whether John Doe I's conduct violated the California Comprehensive Computer Access and Fraud Act pursuant to California Penal Code § 502?

## 4.   MOTIONS

On February 27, 2015 Uber filed its first ex parte application for expedited discovery from third party GitHub, Inc. ("GitHub"). (Electronic Docket Entry ("Dkt.") 4)  The Court granted Uber's ex parte application on March 16, 2015. (Dkt. 11)

On April 8, 2015, Uber filed its second ex parte application for expedited discovery from third party Comcast Business Communications, LLC ("Comcast"), (Dkt. 16) along with a related motion to seal. (Dkt. 17)

On April 13, 2015, Uber filed its third ex parte application for expedited discovery from GitHub (Dkt. 18), along with a related motion to seal. (Dkt. 19)

On April 27, 2015, the Court granted Uber's second and third ex parte applications for expedited discovery from Comcast and GitHub, as well as both of Uber's motions to seal. (Dkt. 20)

On April 29, 2015, Uber filed a motion to relate the above-captioned case to *Antman v. Uber Technologies, Inc.*, Case No. 3:15-cv-01175-JCS (the "*Antman* action"). (Dkt. 21) The Court granted Uber's motion on May 1, 2015. (Dkt. 22)

On May 29, 2015 an anonymous third party appearing as "Subscriber" filed a motion to quash Uber's subpoena to Comcast, and a related motion to seal. (Dkt. 25) Uber filed its limited opposition to Subscriber's motion to seal on June 2, 2015. (Dkt. 31) On June 4, 2015, the Court granted Subscriber's administrative motion to seal. (Dkt. 33) Uber filed its opposition to Subscriber's motion to quash on June 12, 2015, and a related motion to seal. (Dkts. 34-35) A hearing on Subscriber's motion to quash is set for July 9, 2015 at 9:30 am.

Once John Doe I is named, Uber may file a motion for summary judgment or partial summary judgment under Federal Rule of Civil Procedure 56.

## 5. AMENDMENT TO THE PLEADINGS

Uber's investigation regarding the identity of John Doe I is ongoing. Uber expects to amend its Complaint to name John Doe I as a defendant in this lawsuit.

## 6. EVIDENCE PRESERVATION

Uber has reviewed the ESI Guidelines and Checklist. Uber has taken steps to ensure that evidence is being, and will continue to be, preserved.

## 7. DISCLOSURES

Uber expects to serve initial disclosures following the naming of John Doe I as a defendant to this action.

## 8. DISCOVERY

To date, Uber has taken discovery from third-party GitHub, pursuant to Uber's first (Dkt. 4) and third (Dkt. 18) ex parte applications for expedited discovery. Uber has served discovery on Comcast pursuant to Uber's second ex parte application for expedited discovery (Dkt. 17).

Uber expects to propose a fulsome discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and this Court's local rules upon the naming of John Doe I as a defendant to this lawsuit.

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

Pursuant to this Court's May 1, 2015 Order (Dkt. 22), the *Antman* action is related to this action.

## 11. RELIEF

Uber prays for the following relief:

A. For injunctive relief, as follows: An order barring defendant from any further acts constituting violations of the Computer Fraud and Abuse Act and Section 502 of the California Penal Code, including any attempts to access files from Uber's database or any attempts to transfer such files to any other person or entity, and directing defendants immediately to return to Uber any files or information described herein;

B. For judgment in favor of plaintiff, and against defendant, for damages in such amounts as may be proven at trial;

C. For reasonable attorneys' fees; and

D. For such other relief as the Court may deem just and proper.

## 12. SETTLEMENT AND ADR

At this point, because John Doe I has not yet been named, ADR is not yet applicable.

## 13. CONSENT TO MAGISTRATE FOR ALL PURPOSES

Uber has consented to a magistrate judge in this action. (Dkt. 15)

**14.   OTHER REFERENCES**

Uber is not aware of any appropriate other reference for this case.

**15.   NARROWING OF ISSUES**

Uber believes that no narrowing of the issues is warranted or necessary at this time.

**16.   EXPEDITED TRIAL PROCEDURE**

Uber respectfully submits that at this time the Expedited Trial Procedure of General Order No. 64 should not apply here.

**17.   SCHEDULING**

Uber expects to propose scheduling dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial upon the naming of John Doe I as a defendant to this lawsuit.

**18.   TRIAL**

Uber has demanded a jury trial. Uber will submit an expected length of trial subsequent to the naming of John Doe I as a defendant to this lawsuit.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Uber filed its Corporate Disclosure Statement on February 27, 2015.  As required by the Court's Standing Order, Uber restates the contents of its statement as follows:  Pursuant to Federal Rule of Civil Procedure 7.1(a), Uber makes the following corporate disclosures:  Uber is a privately held corporation.  It is not a subsidiary of any entity, and no publicly held corporation owns ten percent or more of its stock.

**20.   PROFESSIONAL CONDUCT**

Uber's attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1 | June 17, 2015 | **PERKINS COIE LLP**

By: /s/ James G. Snell
James G. Snell (SBN 173070)
JSnell@perkinscoie.com

Attorneys for Plaintiff
Uber Technologies, Inc.