BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Subscriber

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UBER TECHNOLOGIES, INC.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>JOHN DOE I,<br><br>　　　Defendant. | Case No. C 15-00908-LB<br><br>**SUBSCRIBER'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF REPLY IN SUPPORT OF SUBSCRIBER'S MOTION TO QUASH COMCAST SUBPOENA UNDER SEAL** |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Subscriber respectfully submits this Motion for Administrative Relief to file portions of Reply in Support of Subscriber's Motion to Quash Comcast Subpoena (Dkt. No. 37) under seal. Subscriber seeks to redact two types of information: (1) a website and different IP address included within the Comcast Subpoena served by Uber, and (2) facts Uber disclosed in its Opposition that Uber claims are protected and subject to sealing. Good cause exists to seal this select information because with respect to the website and unknown IP address included within the Comcast Subpoena, the Court has already ruled such information is sealable (Dkt. No. 20, p. 8), and with respect to the new facts disclosed by Uber, Uber already filed such information under seal and claims that if such information is "publicly disclosed, [it] could undermine Uber's investigation into the data theft at issue in this lawsuit." Dkt. No. 35, p. 1.

## II. LEGAL STANDARD

A document or portions thereof may be filed under seal if "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "[T]he usual presumption of the public's right to access does not apply to non-dispositive motions with the same strength it applies to dispositive motions. On non-dispositive motions, such as this discovery motion, a party seeking to file a document under seal must establish there is 'good cause' for sealing the record." *Lane v. Wells Fargo Bank, N.A.*, 2013 WL 2627487, at *1 (N.D. Cal. June 11, 2013) (citing *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115, 1119 (9th Cir.2012)); *see also* Dkt. No. 20, p. 8.

## III. GOOD CAUSE EXISTS TO SEAL THE REQUESTED INFORMATION

Good cause exists to seal the website and unknown IP address included within the Comcast Subpoena (Dkt. No. 37, pp. 3:11, 3:12, 3:18, 4:8, 6:11) because the Court has already ruled there is good cause to seal such information. Dkt. No. 20, p. 8. As the Court stated, it "accepts Uber's assertion that revealing the information in question could prompt Doe to elude detection, and thus thwart Uber's case at the outset, before the court can assess the merits of Uber's claims." *Id*.

1  Good cause exists to seal the additional facts disclosed by Uber in its Opposition (Dkt. No. 37, p. 1:9, 1:10, 1:12, 1:16, 2:16-18, 3:7, 3:8, 3:9, 3:11, 3:12-13, 3:18, 4:8, 4:11, 4:19, 5:5, 6:2, 6:11, 6:21) because Uber has filed such information under seal and claims that if such information is "publicly disclosed, [it] could undermine Uber's investigation into the data theft at issue in this lawsuit." Dkt. No. 35, p. 1. The Court has yet to rule on Uber's request.

In short, the select information should be sealed to maintain the Court's holding with respect to the information ordered sealed in the Comcast Subpoena and to respect Uber's pending request to seal such information.

### IV.  CONCLUSION

For the foregoing reasons, Subscriber requests that the Court grant its Administrative Motion to Seal.

Dated: June 19, 2015

BOERSCH SHAPIRO LLP

*/s/ Martha Boersch*
MARTHA BOERSCH
Attorney for Subscriber