1  PERKINS COIE LLP
   JAMES G. SNELL (SBN 173070)
2  JSnell@perkinscoie.com
   JULIE E. SCHWARTZ (SBN 260624)
3  JSchwartz@perkinscoie.com
   3150 Porter Drive
4  Palo Alto, CA  94304
   Telephone:    650.838.4300
5  Facsimile:    650.838.4595

6  Attorneys for Plaintiff
   Uber Technologies, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | Uber Technologies, Inc., | Case No. 3:15-cv-00908 LB |

13 |         Plaintiff, | **PLAINTIFF UBER TECHNOLOGIES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO REDACT PORTIONS OF THE TRANSCRIPT OF PROCEEDINGS FROM THE JULY 9, 2015 HEARING BEFORE THE COURT** |

14 |     v. | |

15 | John Doe I, an individual, | |

16 |         Defendant. | |

17 | | **[N.D. Civ. L.R. 79-5]** |

**I.      INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Uber Technologies, Inc. ("Uber") respectfully submits this Motion for Administrative Relief to Redact Portions of the Transcript of Proceedings from the July 9, 2015 Hearing Before the Court ("Transcript"). As set forth below, good cause exists for the Court to grant this relief because the Transcript contains sensitive information already ordered sealed in connection with briefing on these matters that, if widely known, could undermine Uber's investigation into the data theft at issue in this lawsuit.

**II.     LEGAL STANDARD**

Civil Local Rule 79-5 provides that a document may be redacted if the portions sought to be redacted "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). A "good cause" standard applies to requests to redact nondispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "Nondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to nondispositive materials." *Id.* (internal quotations omitted). Discovery motions are considered nondispositive for purposes of the sealing analysis. *Angioscore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 75187, at *2 (N.D. Cal. Jan. 6, 2015). This "good cause" standard for nondispositive motions applies here, because Uber seeks to redact oral argument on Subscriber's nondispositive motion to quash.

**III.    ARGUMENT**

Good cause exists to redact portions of the Transcript because the Transcript contains sensitive information regarding Uber's ongoing investigation. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09–CV–1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (granting motion to seal documents that contained confidential information from plaintiff's pending investigations); *see also In re Google Inc. Gmail Litig.*, Case No.: 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (granting motion to seal based on confidential information that, if made public, could aid hackers in circumventing Google's security measures); (Declaration of Julie E. Schwartz ("Schwartz Decl.") ¶ 2).

1   Uber is seeking discovery regarding the identity of John Doe I.  Public disclosure of the
2   information Uber has gathered in its investigation could possibly jeopardize Uber's ongoing
3   investigation by giving John Doe I insight into the status of Uber's investigation and thus
4   potentially allow him to take steps to further conceal his identity from Uber or tamper with
5   evidence.  (Schwartz Decl. ¶ 2.)  On the other hand, there is no countervailing public interest in
6   access to this information, as Uber's request for discovery into the identity of John Doe I is only
7   tangentially related to the underlying claims brought by Uber.

8   Additionally, this Court has recognized the need to keep this information private in
9   granting Uber's prior three motions to seal, which sought protection of this same information.
10  *See* (Dkt. Nos. 20; 40).

11  Accordingly, to protect the integrity of Uber's investigative process, the Court should
12  grant Uber's request to redact portions of the Transcript.

13  **IV.   CONCLUSION**
14  For the foregoing reasons, Uber requests that the Court grant its motion.

15  DATED:  July 20, 2015                               **PERKINS COIE LLP**
16
17                                                     By: */s/ James G. Snell*
                                                            James G. Snell
18                                                     Attorneys for Plaintiff
19                                                     Uber Technologies, Inc.