PERKINS COIE LLP
JAMES G. SNELL (SBN 173070)
JSnell@perkinscoie.com
JULIE E. SCHWARTZ (SBN 260624)
JSchwartz@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:    650.838.4300
Facsimile:    650.838.4595

Attorneys for Plaintiff
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Uber Technologies, Inc., | Case No. 3:15-cv-00908 LB |
|---|---|
| Plaintiff, | **PLAINTIFF UBER TECHNOLOGIES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE PORTIONS OF ITS OPPOSITION TO SUBCRIBER'S MOTION TO STAY (DKT. 58) UNDER SEAL** |
| v. | |
| John Doe I, an individual, | |
| Defendant. | |
|  | **[N.D. Civ. L.R. 79-5]** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Uber Technologies, Inc. ("Uber") respectfully submits this Motion for Administrative Relief to file portions of Uber's Opposition To Subscriber's Motion To Stay Pending Appeal (Dkt. 58) (the "Opposition") under seal. As set forth below, good cause exists for the Court to grant this relief because the Opposition contains sensitive information that, if publicly disclosed, could undermine Uber's investigation into the data theft at issue in this lawsuit. Further, Uber's requested sealing is consistent with the Court's prior sealing orders.

## II. LEGAL STANDARD

Civil Local Rule 79-5 provides that a document may be filed under seal only if the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). A "good cause" standard applies to requests to seal nondispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "Nondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to nondispositive materials." *Id.* (internal quotations omitted).

## III. ARGUMENT

Good cause exists to file portions of the Opposition under seal because the Opposition contains sensitive information regarding Uber's ongoing investigation. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09–CV–1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (granting motion to seal documents that contained confidential information from plaintiff's pending investigations); *see also In re Google Inc. Gmail Litig.*, Case No.: 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (granting motion to seal based on confidential information that, if made public, could aid hackers in circumventing Google's security measures); (Declaration of James G. Snell ("Snell Decl.") ¶ 2).

Public disclosure of the information Uber has gathered could possibly jeopardize Uber's ongoing investigation by giving John Doe I insight into the status of Uber's investigation and thus potentially allow him to take steps to further conceal his identity from Uber. (Snell Decl. ¶ 2.)

1   On the other hand, there is no countervailing public interest in access to this information.  *Pintos*,
2   605 F.3d at 678 (noting that the public interest in nondispositive materials is weaker, as they are
3   only tangentially related to the underlying cause of action).  Accordingly, to protect the integrity
4   of Uber's investigative process, and for the reasons stated in prior Court sealing Orders in this
5   case, the Court should permit Uber to file portions of the Opposition under seal.

## IV.   CONCLUSION

For the foregoing reasons, Uber requests that the Court grant its motion.

DATED:  August 14, 2015              **PERKINS COIE LLP**

                                     By: */s/ James G. Snell*
                                          James G. Snell

                                     Attorneys for Plaintiff
                                     Uber Technologies, Inc.

-2-   MOTION FOR ADMINISTRATIVE RELIEF TO
      FILE UNDER SEAL
      Case No. 3:15-cv-00908 LB